

DOC # 134

[Stamp: U.S. DISTRICT COURT FILED MAY 04 2009 P.C. S.D. OF N.Y.]

[Stamp: PRO SE OFFICE]

**MEMO ENDORSED**

L. John Davidson
36 Salem Road
Atkinson, NH 03811
(603) 362-6261

**Pro Se Appearance**

[Box: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED #: 5/19/09]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTAEUS ENTERPRISE, INC., EUGENE BRODY,
JAMES H. RAND and WILLIAM G. COOLING

           Plaintiffs,

- vs. -

05 - CV- 06396 (LAK)

SD-BARN REAL ESTATE, L.L.C.
and L. JOHN DAVIDSON,

           Defendants,

## MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS MOTION TO VACATE DISMISSAL

  Defendant L. John Davidson respectfully submits this Motion for Reconsideration of the Order rendered by this Court dated April 23, 2009 ("Motion for Reconsideration").

### SUMMARY OF ARGUMENTS

Background Decisions Rendered by the Court:

Reference 1.:

  The Court issued an Order dated April 7, 2009 in which it states: "Plaintiffs' motion to voluntarily dismiss what remains of this action without prejudice to the commencement of a new action against L. John Davidson on an alter ego/piercing the corporate veil claim in a state or federal

[Handwritten endorsement:] Motion denied. Even if the Court were to grant reconsideration, it would reach the same result. The Clerk shall enter final judgment and close the case. /s/ Lewis A. Kaplan, USDJ  5/19/09

court in the State of New Hampshire [docket item 122], which is unopposed, is granted. The clerk shall close the case".

Reference 2.:

The Court issued an Order dated April 23, 2009 in which it responded to the failure by Defendant Davidson to file timely responses to Plaintiffs' Motion for Voluntary Dismissal dated March 11, 2009.

Defendant's Comments:

Significantly, the Order rendered on April 23, 2009 denying Defendant Davidson's motion to vacate Plaintiffs voluntary dismissal <u>never</u> has been received by Defendant Davidson nor by SD Barn either separately or together as of this writing. This response also would have been late without the Pro Se Office advising this Defendant of its content during a call to the Pro Se Office seeking help on other procedural matters.

The underlying facts are that the Courts position taken was that Defendant Davidson did not oppose in a timely manner Plaintiffs request for a change of venue regarding the litigation proposed against Defendant Davidson surrounding Plaintiffs' claims against Defendant Davidson in order to pierce the corporate veil.

## DEFENDANT ARGUMENTS IN SUPPORT OF MOTION FOR RECONSIDERATION

Timely Receipt of Documents:

> As the Court already knows and is appreciated by the Defendant it tests both the patience and the endurance of both the Court and the Pro Se Defendant regarding the path to be followed to gain a full and fair decision under the circumstances of Defendant appearing Pro Se.

> The Court respectfully is advised that a serious communication problem exists by and between the Court and the Defendant which materially impacts upon the Defendant's obligations to be responsive, respectful and able to provide proper defenses on a timely basis to the Court.

Illustrations In Support of the Above:

The Order rendered on April 7, 2009 granting Plaintiffs' request for voluntarily dismissal without prejudice in which it was noted that such was "unopposed" never has been received from the Court by Defendant Davidson nor by SD Barn either separately or together as of this writing. It should be noted that the submission by Defendant thought to be due within thirty days of the Plaintiffs submission as made on or before March 11, 2009 and as delivered to the Court by Defendant on April 10, 2009 was not returned by the Court to Defendant until April 25, 2009. The above primarily is an illustration of the length of time communications from the Court have occurred if at all. The issue of the deadline for a response to the option taken by Plaintiffs being different from other options provided to Plaintiffs and whether a Defendant of reasonable intelligence acting Pro Se would have distinguished from the language of the minutes of the meeting that were the Plaintiffs to select a course of action under Rule 41 such action would materially be different from the other two options provided to Plaintiffs in terms of a much narrower response time by the Defendant then the Court advised for the other two options available to Plaintiffs.

Respectfully, the very language the Court employed in the above referenced subject area was: "I am saying to the plaintiffs 'til March 11th to do one of two things: Make whatever motion you want to make, or advise Mr. Davidson and me in writing that your election is to stand on the existing complaint, at which point I'll enter an order giving Mr. Davidson a period within which to make any motions he cares to make". It now is obvious that everything which followed must have been based upon either the word "or" as determined from a transcript made available of the Conference held on February 11, 2009. That word is identified in the above quotation.

In defense of the Defendants' position of not having filed a timely response to the option taken by Plaintiffs' under Rule 41 Defendant Davidson respectfully asks this Court to consider the following defenses and explanation in a reconsideration of the Order as rendered and to void same.

3

The referenced word "or" was used in a dialogue which was rapid and upon careful review caused by the enormity of the implications involved from the decision rendered Defendant Davidson offers the following observations in support of his request for reconsideration:

> i. It is obvious that any notice provided to the Court by Plaintiffs informing the Court that a selection for a change of venue as outlined as the 'third option' at the conclusion to the Conference would include the requirement that the Court and Defendant Davidson would be so notified. The same would be true had Plaintiffs selected either 'option one' or 'option two'. Therefore, respectfully, the use of the word "or" where it occurred in an oral dialogue reasonably should be considered not to provide the distinction to the 'third option' that has now become the area giving cause for this Court to grant Plaintiffs request to retry this element of this case again at great additional time and expense together with what amounts to double jeopardy for the Defendant. Respectfully, the Court is reminded that the issue was addressed conclusively in its Memorandum Opinion dated March 30, 2007 as reinforced and reconfirmed in the Judgment dated May 22, 2007.
>
> In the Memorandum Opinion dated March 30, 2007 the Honorable Lewis A. Kaplan wrote: "The Court therefore is not persuaded that this in an appropriate case to award attorney's fees".
>
> At the Conference held on February 11, 2009 the Honorable Lewis A. Kaplan briefly reviewed the Record and noted: "that before the case went off to the Court of Appeals there was at least an attempt on the part of the plaintiffs in the Second Amended Compliant to assert and alter ego theory for holding Mr. Davidson responsible for SD-Barn's liabilities".

4

> Defendant Davidson respectfully reminds the Court that it appears to be clear from all of the recitations made above that this Court addressed the alter ego claim and decided upon it. In further support of same this Court in the Judgment dated May 22, 2007 specifically eliminated the language provided by Plaintiffs referencing Counts IV and V which addressed the alter ego and tortious interference issues, and issued its Judgment accordingly.

Second Circuit Court of Appeals: The following excerpts from the Hearing held before the referenced Court on October 8, 2008 are provided without distortion or editing in support of the decisions previously rendered by this Court and in support of either reconsideration or modification to the Order rendered on April 7, 2009.

Here follow pertinent excerpts from the testimony from the minutes of the Hearing submitted herewith and which Defendant believes may aid this Court in determining whether the reconsideration requested or the Order as issued warrant language which may be consistent with the testimony by the Three Judge Panel and Attorney Himelfarb as to intent along with the rights to be preserved of this Defendant:

> Judge: That is what you want and why you are here today. The question is did the Judge do anything wrong in dismissing Count V as you pled it. You can still sue can't you? You can bring another suit can't you?

> Himelfarb: Attorney's fees.

> Judge: That has nothing to do with tortious interference. Is that case still available?

> Judge: If he is going to give up res judicata in this case you ought to give up the benefit of the default judgment that Davidson did not contest. You then should bring your law suit for whatever amount you think Davidson owes you and you win it or loose it.

Himelfarb: Davidson would have to prove to the NH court whether that judgment was valid.

Judge: We have a couple of calculated risks here. It would be a lot more likely if you agreed that it can be reopened. You kind of want your cake and eat it too. You want to hang on to the default judgment to which Davidson did not contest. You do not want to pursue this law suit.

Himelfarb: Judge Kaplan should not have dismissed it without prejudice.

## ADDITIONAL ARGUMENTS IN SUPPORT OF RECONSIDERATION

The Three judge panel addressed the distinction between legal fees and tortious interference. Respectfully, the Court is requested to reconsider that implication in the Order rendered and requested for Reconsideration.

A change in venue will give cause for the direct examination of all of the Plaintiffs who likely will be excused for reasons of distance from the Court.

The benefit of such matters as the confirmed false Affidavit submitted to this Court by John Beinecke may be lost and not benefit from direct cross-examination.

The above are illustrations only of potential further harm that may be caused to defendant Davidson by allowing the change of venue to give cause to a limited area of testimony i.e. alter ego without the benefit of including in the Order rendered and to be reconsidered with the condition that the Plaintiffs be restrained from any attempt to have the proposed Case in New Hampshire heard prior to or concurrent with the case against several parties beyond the current Plaintiffs which carries with it an earlier priority date. The referenced Case number is 04-C-805. The Court is The State of New Hampshire Rockingham County Superior Court. The filing date is September 17, 2004.

## **CONCLUSION**

Base upon the foregoing defendant Davidson respectfully submits this Motion for Reconsideration.

Dated: Atkinson, New Hampshire
May 1, 2009

*/s/ John Davidson*

L. John Davidson
Appearing Pro Se
36 Salem Road
Atkinson, NH 03811
(603) 362-6261

Courtesy Copies Requested: 1921 Parade Road
Laconia, NH 03246

To:  McCarter & English, LLP
David Himelfarb, Esq.
265 Franklin Street
Boston, MA 02110

McCarter & English, LLP
Lori J. Shyavitz, Esq.
265 Franklin Street
Boston, MA 02110